UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICHARD MILAN, et al.,<br><br>　　　　Defendants. | No.  1:20-cv-00682 JLT GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED PURSUANT TO 28 U.S.C. § 1915(g) AND THAT HE BE REQUIRED TO PAY THE FILING FEE IN FULL<br><br>(ECF No. 9)<br><br>PARTIES' OBJECTIONS DUE **FEBRUARY 29, 2024** |
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. JASSO, et al.,<br><br>　　　　Defendants. | No.  1:20-cv-00909 JLT GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED PURSUANT TO 28 U.S.C. § 1915(g) AND THAT HE BE REQUIRED TO PAY THE FILING FEE IN FULL<br><br>(ECF No. 7)<br><br>PARTIES' OBJECTIONS DUE **FEBRUARY 29, 2024** |

1

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>L. PULIDO-ESPARZA, et al.,<br><br>Defendants. | No.  1:20-cv-1176 JLT GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED PURSUANT TO 28 U.S.C. **§** 1915(g) AND THAT HE BE REQUIRED TO PAY THE FILING FEE IN FULL<br><br>(ECF No. 7)<br><br>PARTIES' OBJECTIONS DUE **FEBRUARY 29, 2024** |
| EDWARD B. SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>A. BARAJAS, et al.,<br><br>Defendant. | No.  1:23-cv-01033 JLT GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED PURSUANT TO 28 U.S.C. **§** 1915(g) AND THAT HE BE REQUIRED TO PAY THE FILING FEE IN FULL<br><br>(ECF No. 7)<br><br>PARTIES' OBJECTIONS DUE **FEBRUARY 29, 2024** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed the above-referenced civil rights actions seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Each of the four cases referenced in the case captions of this order – <u>Milan</u>, <u>Jasso</u>, <u>Pulido-Esparza</u>, and <u>Barajas</u> – is at a different stage of proceedings.  For the reasons stated below, the undersigned will recommend that Plaintiff's in forma pauperis status be revoked pursuant to 28 U.S.C. § 1915(g) in each of the captioned cases and that he be required to pay their filing fees in full prior to proceeding any further in them.

2

I.   RELEVANT PROCEDURAL HISTORY

On January 17, 2024, the undersigned identified four matters filed by Plaintiff which likely constitute strikes under 28 U.S.C. § 1915(g).  They were: Spencer v. Beeler, No. 1:13-cv-01624 JLO BAM ("Beeler"); Spencer v. Kokor, No. 1:17-cv-00597 LJO JLT ("Kokor I"); Spencer v. Sherman, No. 1:17-cv-01025 LJO EPG ("Sherman"), and Spencer v. Kokol,[1] No. 1:17-cv-01561 LJO BAM ("Kokor II").  The Court contended that these four matters had all been dismissed prior to Plaintiff filing Milan, Jasso, Pulido-Esparza, and Barajas, the four matters in which the revocation of Plaintiff's in forma pauperis status is currently at issue.  As a result, Plaintiff was ordered to show cause why his in forma pauperis status should not be revoked in Milan, Jasso, Pulido-Esparza, and Barajas.

On or around February 1 and 2, 2024, Plaintiff filed showings of cause in Milan, Jasso, Pulido-Esparza, and Barajas.[2]  Having considered them, the undersigned finds that they are insufficient to surmount the Court's determination that prior to bringing Milan, Jasso, Pulido-Esparza, and Barajas, Plaintiff had four Section 1915(g) strikes in his Beeler, Kokor I, Sherman, and Kokor II cases.  The undersigned also finds that Plaintiff was not in any imminent danger of serious physical harm when he brought Milan, Jasso, Pulido-Esparza, and Barajas.

II.   IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right."  Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right.").  An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted.  Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL

---

[1] On the Court's docket, the sole defendant in that action was identified as "Kokol."  However, a review of the complaint in this matter indicates that that spelling is incorrect.  The name should be spelled "Kokor."  See Kokor II, ECF No. 1 at 7 (Kokor II complaint).  The Clerk of Court will be directed to change the case caption of that matter's docket to make it accurate.  In addition, throughout this order the Court will correctly refer to the case as "Kokor II"

[2] In the interests of efficiency and to avoid confusion, when referencing Milan, Jasso, Pulido-Esparza, and Barajas as a group of cases, there will be no individual citation to their respective docket items.

4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); <u>Owens v. Matthews</u>, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. <u>Smart</u>, 347 F.2d 114, 116 (9th Cir. 1963) (citing <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. <u>Smart</u>, 347 F.2d at 116 (footnote citation omitted); <u>Shobe v. People of State of California</u>, 362 F.2d 545, 546 (9th Cir. 1966) (citing <u>Smart</u>).

III.   THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." <u>Knapp v. Hogan</u>, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal

4

also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice.   Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).   To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint.   Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing.  See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."  Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

IV. PLAINTIFF'S PRIOR STRIKES

    A. Plaintiff's Relevant Strikes

A review of court records reveals that at least four cases[3] brought by Plaintiff qualify as strikes under Section 1915(g).[4] The Court takes judicial notice of the following lawsuits[5] previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) prior to him bringing the currently pending Milan, Jasso, Pulido-Esparza, and Barajas[6] cases:

- Spencer v. Beeler, No. 1:13-cv-01624 JLO BAM (E.D. Cal. Sept. 22, 2014) (voluntary dismissal after failure to state a claim determination);
- Spencer v. Kokor, No. 1:17-cv-00597 LJO JLT (E.D. Cal. Apr. 6, 2018) (voluntary dismissal after failure to state a claim determination);
- Spencer v. Sherman, No. 1:17-cv-01025 LJO EPG (E.D. Cal. Apr. 25, 2018) (dismissed for failure to state a claim), and
- Spencer v. Kokor, No. 1:17-cv-01561 LJO BAM (E.D. Cal. June 26, 2018) (dismissed for failure to state a claim).

---

[3] Although these four cases are sufficient to establish that Plaintiff had enough strikes to require that he pay the filing fee in full prior to filing Milan, Jasso, Pulido-Esparza, and Barajas, Plaintiff has three additional cases that are strikes. They are: Spencer v. Edwards, 1:21-cv-1410 BAM (E.D. Cal. Feb. 2, 2022) (voluntary dismissal after failure to state a claim determination); Spencer v. Smith, 1:21-cv-1646 EPG (E.D. Cal. Jan. 24, 2022) (voluntary dismissal after failure to state a claim determination), and Spencer v. Fernandez, 1:23-cv-0397 ADA HBK (E.D. Cal. Sept. 18, 2023) (voluntary dismissal after failure to state a claim determination). However, because these three cases were dismissed *after* Milan, Jasso, Pulido-Esparza, and Barajas, had been brought by Plaintiff, the Court cannot consider them in Plaintiff's strike calculation in this order.

[4] Court records also reveal that since 2009, Plaintiff has filed over twenty civil rights matters in this district alone. The majority of them have been filed since 2017.

[5] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[6] Plaintiff's Milan case, the first of the four cases filed *after* Plaintiff had accumulated the four strikes above, was brought on May 5, 2020. See Milan, ECF No. 1 at 6 (signature and date page of complaint). Jasso was brought on June 29, 2020. See Jasso, ECF No. 1 at 6. Pulido-Esparza was brought on August 20, 2020. See Pulido-Esparza, ECF No. 1 at 6. Barajas was brought on July 7, 2023. See Barajas, ECF No. 1 at 5.

     B. Plaintiff's Voluntary Dismissals:  Beeler and Kokor I

      1. Beeler

In Beeler, the Court screened Plaintiff's complaint and found that it failed to state any claims upon which relief could be granted.  See Beeler, ECF No. 11 at 5-7 (Court's screening order finding failure to state claim).  As a result, Plaintiff was granted leave to amend.  See id. at 7.  However, rather than amending the complaint, Plaintiff subsequently voluntarily dismissed the matter pursuant to Federal Rule of Civil Procedure 41(a)(1).  See Beeler, ECF No. 12 (Plaintiff's subsequently filed voluntary dismissal).

      2. Kokor I

After the complaint in Kokor I was screened, it was also determined that Plaintiff had failed to state claims upon which relief could be granted.  Kokor I, ECF No. 8 at 3-7.  Consequently, in that case, Plaintiff was also given leave to amend.  Id. at 8.  Thereafter, Plaintiff filed an amended complaint.  Kokor I, ECF No. 10.  In the second screening order it was recommended that the matter be dismissed for failure to state a claim.  Kokor I, ECF No. 15 (screening and findings and recommendations).  In Plaintiff's objections to those findings and recommendations, Plaintiff specifically requested that the Court dismiss the entire matter without prejudice pursuant to Rule 41(a) so that "he would not have a strike against him." Kokor I, ECF No. 18 at 1-2.  Although under Rule 41(a)(1)(A)(1) parties may voluntarily dismiss their actions *without* a court order, in response, the Court issued an order granting Plaintiff's request to dismiss.  Kokor I, ECF No. 19 at 3.

   V. APPLICABLE LAW

     A. Knapp v. Hogan, 738 F.3d 1106 (9th Cir. 2013)

In Knapp, the Ninth Circuit addressed how Federal Rule of Civil Procedure 8(a) dismissals comported with the Prison Litigation Reform Act's Section 1915(g) strike requirements.  See Knapp, 738 F.3d at 1109 (stating same).  At issue in part, was whether the dismissal of three of Plaintiff Knapp's earlier cases for failing to file short and plain statements in compliance with Federal Rule of Civil Procedure 8(a) constituted strikes under Section 1915(g).  Id. at 1109-10.  During its analysis, the Ninth Circuit reaffirmed the need for courts to look at the

7

underlying reasoning for a dismissal when attempting to determine whether the dismissal constituted a strike. It also found that a Rule 8 dismissal could not be categorically included or excluded from counting as a strike. It wrote:

> *It is well settled that, in determining a § 1915(g) "strike," the reviewing court looks to the dismissing court's action and the reasons underlying it.* Andrews [v. King, 398 F.3d 1113, 1121 (9th Cir. 2005)] (holding that reviewing courts should make "careful evaluation" of "the orders dismissing those actions and other relevant information," and should "consider[ ] the underlying court orders [and] mak[e] an independent assessment"). *This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive. It cannot be true, then, that a Rule 8(a) dismissal is categorically included or excluded from counting as a § 1915(g) "strike."* Each dismissal under the Rule must be assessed independently: did the Rule 8(a) dismissal result from the court's appraisal of the merits of the case (i.e., was it "frivolous" or did it "fail to state a claim"), or did the dismissal result from an appraisal of the prisoner's state of mind (i.e., "malicious")? It is best practice for a district court to expressly indicate when a dismissal falls into one of the three categories.

Knapp, 738 F.3d at 1109-10 (italics added) (some brackets added).

### B. El-Shaddai v. Zamora, 833 F.3d 1036 (9th Cir. 2016)

The El-Shaddai Court squarely addresses whether several kinds of dismissals constitute Section 1915(g) strikes. In it, the Ninth Circuit considered the question of whether eleven lawsuits previously filed by Plaintiff El-Shaddai constituted strikes within the meaning of Section 1915(g). El-Shaddai, 833 F.3d at 1040. Prior to addressing this question, however, the Court provided the parameters it would use to make its determinations. First, it reiterated the need that had been expressed in Andrews to carefully evaluate the order that had dismissed an action. See id. at 1041. Then, it wrote:

> As a general matter, *when we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal "rang the PLRA bells of frivolous, malicious, or failure to state a claim."*

Id. at 1042 (citations omitted) (italics added) (quotation marks in original).  The Court then went on to state:

> We have previously held that "when a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) *even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee.*" O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) [ ].  Thus, a dismissal predicated on a denial of IFP status may be strike-worthy. . . .  [T]o constitute a strike, the denial of IFP status must be based on one of the enumerated grounds in the statute.

El-Shaddai, 833 F.3d at 1042 (italics added).

### C. Harris v. Mangum, 863 F.3d 1133 (9th Cir. 2017)

In Harris, the Court, in relevant part, also addressed the question of whether certain earlier cases filed by Plaintiff Harris that had been screened and later dismissed constituted strikes.  See Harris, 863 F.3d at 1139-44.  Ultimately, after considering several of his cases that had been alleged to be strikes, it held that when a complaint was dismissed on the grounds that it failed to state a claim, a court then granted leave to amend, and a plaintiff subsequently failed to file an amended complaint, a court's dismissal of the case constituted a strike within the meaning of Section 1915(g).  Id. at 1143.  Because Plaintiff Harris had done this four times, the cases in which he had done so were declared strikes.  See id.

Prior to concluding the four cases were strikes, however, the Harris Court clearly stated:

> *A prisoner may not avoid incurring strikes simply by declining to take advantage of these opportunities to amend.*  This conclusion is reinforced by the fact that we interpret § 1915(g) so as to "further[ ] Congress's intent to screen out frivolous complaints by precluding prisoners from submitting an endless stream of frivolous in forma pauperis complaints."

Harris, 863 F.3d at 1143 (brackets in original) (italics added) (quoting O'Neal, 531 F.3d at 1152).

The Harris Court also stated:

> The dismissal of each of Harris's prior actions "rang the [Prison Litigation Reform Act's] bells of . . . failure to state a claim," even if the "procedural posture" meant that the entry of judgment in each case was delayed until it became clear that Harris would not file an amended complaint that did state a claim. . . . *His failure to file an amended complaint did not negate the determination already made by the court that the complaint he had filed, and on which he effectively elected to stand, failed to state a claim.*

Id. at 1142 (brackets added) (italics added) (comparison omitted) (citation omitted).

### VI. PLAINTIFF'S SHOWINGS OF CAUSE[7]

In the showings of cause Plaintiff has filed in Milan, Jasso, Pulido-Esparza, and Barajas, Plaintiff concedes that Kokor II and Sherman are Section 1915(g) strikes. See Milan, ECF No. 61 at 1. However, Plaintiff argues that Beeler and Kokor I are not strikes because he voluntarily dismissed them before the Court could dismiss them. Milan, ECF No. 61 at 2. He contends that under Federal Rule of Civil Procedure 41(a), he had an "absolute right" to voluntarily dismiss Beeler and Kokor I. Id.

Plaintiff also cites to Avery v. Stainer, No. 2:18-cv-01302 JAM AC P, 2021 WL 1153773, at *3 (E.D. Cal. Mar. 26, 2021), report and recommendation adopted, No. 2:18-cv-1302 JAM AC P, 2021 WL 2652117 (E.D. Cal. June 28, 2021) in support of his arguments that the Ninth Circuit has not addressed the question of whether a voluntary dismissal following a finding of a failure to state a claim counts as a strike, and that federal courts across the nation are split on the question. Milan, ECF No. 61 at 2. Avery, as well as several other district court cases, Plaintiff asserts, support these arguments. See generally Milan, ECF No. 61 at 2-3.

Plaintiff also argues that Harris is distinguishable from Beeler and Kokor I because in Harris, the matter was dismissed by the Harris Court because Plaintiff Harris had failed to amend after having been given leave to do so; whereas in Beeler and Kokor I, Plaintiff voluntarily

---

[7] Because the showings of cause filed by Plaintiff in Milan, Jasso, Pulido-Esparza, and Barajas are identical, in order to minimize confusion, when citing to pages in Plaintiff's showings of cause, the Court will only cite to Plaintiff's showing in Milan, because it is the first-filed of these four matters.

1  dismissed those cases; they were not dismissed by the Court for failure to prosecute or for failure
2  to follow court orders.  <u>Milan</u>, ECF No. 61 at 2.  Finally, Plaintiff argues that Ninth Circuit has
3  not addressed the question of whether a voluntary dismissal following a finding of failure to state
4  a claim, counts as a strike, and that federal courts around the country are split on the question.  <u>Id.</u>

## VII. DISCUSSION

### A. <u>Plaintiff's Cited Cases In His Showing of Cause Are Insufficient</u>

#### 1. <u>Plaintiff's Argument</u>

In support of Plaintiff's argument that his voluntary dismissal of <u>Beeler</u> and <u>Kokor I</u> is different than the <u>Harris</u> Court's dismissal of that case after Plaintiff Harris was given leave to amend but failed to respond to the Court's order to do so, Plaintiff cites to <u>Avery</u>, 2021 WL 1153773, at *3.  <u>See</u> <u>Milan</u>, ECF No. 61 at 2.  In <u>Avery</u>, the Court stated in relevant part:

> The undersigned finds that plaintiff's voluntary dismissal in <u>Avery v. Virga</u> is not analogous to an involuntary dismissal under Rule 41(b) for purposes of § 1915(g). When an action is dismissed under Rule 41(b) after a plaintiff fails to file an amended complaint, the plaintiff has "effectively elected to stand" on the dismissed complaint. <u>Harris</u>, 863 F.3d at 1142.  However, "a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." <u>Com. Space Mgmt. Co. v. Boeing, Co.</u>, 193 F.3d 1074, 1078 (9th Cir. 1999). In other words, in voluntarily dismissing the action, plaintiff essentially chose not to stand on his complaint but to withdraw it, which was his "absolute right." <u>Id.</u> at 1077 ("It is well settled that under Rule 41(a)(1)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' " (quoting <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997))).

<u>Avery</u>, 2021 WL 1153773, at *3.

#### 2. <u>Analysis</u>

Plaintiff's reliance on <u>Avery</u> and several other cases[8] to support his assertion that <u>Beeler</u>

---

[8] The other cases to which Plaintiff cites are: <u>Brown v. Milburn</u>, No. 3:23-cv-00038 JMK, 2023 U.S. Dist. LEXIS 200131 (D. Alaska Nov. 7, 2023); <u>Slaikeu v. Anderson</u>, No. 2:22-cv-00196 JMK, 2023 U.S. Dist. LEXIS 168907 (D. Alaska Sept. 20, 2023); <u>Murran v. Dep't of Corr.</u>, No. 3:23-cv-00196 JMK, 2024 U.S. Dist. LEXIS 3161 (D. Alaska Jan. 5, 2024); <u>Brown v. Alaska Parole Bd.</u>, 3:23-cv-00101 JMK, 2024 U.S. Dist. LEXIS 3163 (D. Alaska Jan. 5, 2024), and <u>Thompson v. Einerson</u>, No. 3:22-cv-00204 JMK, 2024 U.S. Dist. LEXIS 3165 (D. Alaska Jan. 5,

1   and Kokor I are not Section 1915(g) strikes is problematic for several reasons.  First, Avery is an

2   unreported district-level case.  Thus, while it is arguably instructive for this district, it is not

3   binding law, and as such, it holds no substantive weight on the question of whether a Rule

4   41(a)(1) voluntary dismissal of a complaint after a court finding that it fails to state a claim

5   constitutes a strike within the meaning of Section 1915(g).  Instead, the Court must consider the

6   totality of the findings in Knapp, Harris and El-Shaddai, all of which are reported Ninth Circuit

7   cases and which are, to date, the highest level instructive rulings on the question.

8         Second, the analysis in Avery selectively picks and chooses language from Harris to

9   support its findings instead of considering the case in its totality, and it fails even to mention

10  Knapp or El-Shaddai and their rulings.  See generally Avery, 2021 WL 1153773.  Instead, to

11  support its finding that Plaintiff Avery's voluntary dismissal did not constitute a strike, the Avery

12  Court cites to Commercial Space Mgmt. Co., Inc. v. Boeing Co., 193 F.3d 1074 (9th Cir. 1999), a

13  Ninth Circuit case that is well over twenty years old, and that does not address the voluntary

14  dismissal rule as it relates to Section 1915(g), and its underlying purpose.

15        Which leads to the third problem with Plaintiff relying so heavily on Avery and, by

16  extension, Commercial Space:  Unlike the more recent Ninth Circuit holdings in Knapp, El-

17  Shaddai, and Harris, Commercial Space had *nothing* to do with the application of Section

18  1915(g).  Instead, that case  addressed the effect a voluntary dismissal under Rule 41(a)(1) had on

19  a subsequent motion that the defendants had filed.  Specifically, the Commercial Space Court

20  considered whether after the plaintiff had voluntarily dismissed its second complaint "without

21  prejudice," the district court had the authority to then recharacterize the dismissal as a voluntary

22  one "with prejudice."[9]  See generally Commercial Space,  193 F.3d at 1075-76.

---

2024).  See Milan, ECF No. 61 at 3.

    The Court takes judicial notice of the fact that these five cases were all issued by the same district judge in 2023 and 2024, and they all make the same general statement that "a voluntary dismissal does not count as a 'strike' under 28 U.S.C. § 1915(g)."  The Court also takes note of the fact that in each of these cases, the statement is unsupported by any case or statutory law.  For these reasons, the Court does not consider them in this opinion.

[9] Ultimately, the Commercial Space Court held that once a Rule 41(a)(1) notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and therefore, it cannot exercise any discretion with respect to the terms and conditions of the dismissal.  See

Given these facts, a plaintiff's "absolute right to voluntarily dismiss [an] action," as stated in Commercial Space and referenced in Avery, while undisputed, does not require a conclusion that Plaintiff, a prisoner who has filed multiple non-viable actions in federal court, can voluntarily dismiss Beeler and Kokor I without these dismissals constituting strikes within the meaning of Section 1915(g).  Notwithstanding that Plaintiff had the "absolute right" to voluntarily dismiss Beeler and Kokor I after the Court had screened the complaints in them and had determined that neither case stated claims upon which relief could be granted,  this however does not mean that Plaintiff's exercise of that right relieves him of the end consequences of those decisions to dismiss.  For these reasons, Plaintiff's reliance on Avery and Commercial Space, as well as the other unreported district court cases, fails to support his argument that his voluntary dismissals of Beeler and Kokor I do not constitute Section 1915(g) strikes simply because he had an "absolute right" to voluntarily dismiss these cases under Rule 41(a).

### B. Knapp, El-Shaddai and Harris Support Voluntary Dismissal Strike Finding

Given that the Knapp Court found that a Rule 8(a) dismissal cannot be categorically included or excluded from counting as a strike, it logically follows then, that a Rule 41(a) voluntary dismissal cannot be categorically included or excluded from counting as a strike, either. Thus, Plaintiff's argument that he has an "absolute right" to voluntarily dismiss his case, while this may be true, does not preclude the dismissal from being considered a strike under Section 1915(g).

Furthermore, it is clear in Knapp, El-Shaddai, and Harris that when determining whether a dismissed case constitutes a strike within the meaning of Section 1915(g), this Court *must* look at the factors which underlie and/or led up to the dismissal.  See Knapp, 738 F.3d at 1109 (stating reviewing court looks to dismissing court's actions and reasons underlying it); El-Shaddai, 833 F.3d at 1047 (stating court should look at substance of dismissed suit in order to determine if it can be counted as strike); Harris, 863 F.3d at 1142 (finding plaintiff's prior actions "rang the

---

Commercial Space, 193 F.3d at 1075-76. As a result, the district court was precluded from granting the defendants' request to change the dismissal from one "without prejudice" to one "with prejudice."

13

[PLRA's} bells of failure to state claim); see also Andrews, 398 F.3d at 1122 n.12 (as cited in El-Shaddai, 833 F.3d at 1047 as example of Court looking to substance of dismissed suit to determine if it should be counted as strike).  When a court does look at underlying factors that led to a dismissal, it must remember that "the procedural mechanism or rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp, 738 F.3d at 1109 (brackets added).

Finally, when a complaint is dismissed with leave to amend, and a plaintiff fails to take advantage of that leave, the court is left with a complaint that gives rise to an inference that the plaintiff could not state a claim. See generally Knapp, 738 F.3d at 1110 (citing Paul v. Marberry, 658 F.3d 702, 705 (7th Cir. 2011)).  In Beeler and Kokor I, although the Court did not dismiss those actions, importantly at the time Plaintiff voluntarily dismissed them the Court had already determined that neither matter had stated a claim.  Had Plaintiff not voluntarily dismissed these two cases and instead just let them sit as the plaintiff in Harris did, eventually both matters would likely have been dismissed for failure to obey a court order and/or for failure to amend. Dismissals on those two grounds would not have erased the Court's initial findings that the Beeler and Kokor I complaints failed to state claims.  It would be "hypertechnical" not to count dismissals as strikes because they were voluntarily dismissed by a plaintiff when prior to said voluntary dismissals a court had earlier declared that the matters failed to state claims on which relief could be granted.  See generally Thompson v. Drug Enforcement Admin., 492 F.3d 428, 433 (D.C. Cir. 2007) (stating same with respect to subsequent appellate dismissal for failure to prosecute ultimately counted as strike after earlier appellate finding that filing was frivolous).

Similarly, Plaintiff's voluntary dismissal of Beeler and Kokor I does not erase those initial court findings, either.  Indeed, whether dismissal is done by a court or it is done by a plaintiff, the underlying factor of primary import in both situations – which the Ninth Circuit rulings discussed herein require to be considered –is whether prior to dismissal the Court had determined that the complaints failed to state claims upon which relief could be granted.

        C.  Purpose of Section 1915(g) Supports Strike Findings in Beeler and Kokor I

The underlying purpose of Section 1915(g) is to reduce the number of non-viable cases that prisoners who want to proceed in forma pauperis file in the federal court system. Lomax v.

14

Ortiz-Marquez, 590 U.S. ---, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA . . was to cabin not only abusive but also simply meritless prisoner suits."); Woodford v. Ngo, 548 U.S. 81, 84 (2006) (stating Congress enacted PLRA to address sharp rise in prisoner litigation); Rav v. Lara, 31 F.4th 692, 701 (9th Cir. 2022) (stating PLRA enacted in response to notable increase in prisoner litigation and Section 1915(g) provision aimed to disincentivize frivolous prisoner litigation); Harris, 863 F.3d at 1143 (stating Ninth Circuit interprets Section 1915(g) as rule to further Congress' intent to screen out frivolous complaints). The rule does not deny prisoners the right to have their claims heard; it simply requires prisoners who have had at least three matters dismissed on the grounds that they were frivolous, malicious, or failed to state a claim to pay the filing fee first – in full – prior to proceeding with their actions, absent imminent danger of serious physical harm at the time of filing of the complaint. In sum, Section 1915(g) was specifically designed to discourage litigants from abusing the court system as Plaintiff has since at least 2017.

If voluntary dismissal under Rule 41(a)(1) is construed as Plaintiff wishes it to be with respect to Section 1915(g), then the underlying intent and purpose of Section 1915(g) would be effectively thwarted by an artful litigant who makes a tactical decision to move for voluntary dismissal under Rule 41(a)(1) after a court has already spent valuable time screening the complaint and finding that it fails to state a claim—thereby avoiding a potential three strikes application. Moreover, after a court finds that a complaint fails to state a claim, a Plaintiff could simply dismiss it with no consequence after having availed himself of considerable amounts of court time and resources. If it were otherwise, Rule 41(a)(1)(A)(i) could be strategically used as a backstop to avoid a strike application under Section 1915(g), allowing Plaintiffs to test the proverbial waters to see if their complaint states a cognizable claim with minimal consequence if it does not. Congress certainly could not have intended this, which is why Plaintiff's arguments regarding how Rule 41(a) should be applied in relation to Section 1915(g) is without merit.

As far back as 2017, Plaintiff has been using Rule 41(a)(1)(A)(i) as a tool to avoid accruing strikes, and again, the undersigned points out that Plaintiff has admitted as much. See Kokor I, ECF No. 18 at 1-2 (Plaintiff requesting Court dismiss matter pursuant to Rule 41(a) so that "he would not have a strike against him."). This is unacceptable, given that this strike-

avoidance loophole has long since been closed by Knapp, El-Shaddai, and Harris. And while the Ninth Circuit has not directly considered whether a prisoner should be allowed to avoid the effects of 1915(g) by voluntarily dismissing his/her action after screening has been found it to be deficient, several District Courts have disapproved of this practice. See, Chambers v Laske 2018 US Dist Lexis 109466; Blaisdell v Hawaii Dep't of Public Safety, 2012 US Dist Lexis 170466).

### D. Beeler and Kokor I Are Strikes

In sum, the undersigned finds that the Knapp, El-Shaddai, and Harris cases, in their relevant parts as identified herein, collectively suggest that if a court has previously determined that an in forma pauperis prisoner's operative complaint either fails to state a claim upon which relief could be granted, or is frivolous or malicious, then if the complaint is subsequently dismissed without amendment or change in content – either by the Court or by voluntary dismissal of plaintiff – the dismissal counts as a strike within the meaning of Section 1915(g).

In Beeler and Kokor I, Plaintiff failed to amend after the each was determined by the court that the complaints in them failed to state claims upon which relief could be granted. Instead, Plaintiff chose to voluntarily dismiss both matters. Ultimately, this is essentially the same thing that happened in Harris.[10]

The foundational issue for this Court to consider is that Plaintiff failed to file amended complaints in Beeler and Kokor I *after this Court had determined that the complaints in them failed to state claims on which he could receive relief*. Afterwards, instead of amending Beeler and Kokor I, Plaintiff voluntarily dismissed these two matters under Rule 41(a). These failures to amend, albeit via voluntary dismissal, "did not negate the determination already made by the court that the complaint he had filed . . . failed to state a claim." See Harris, 863 F.3d at 1142 (brackets added) (referencing plaintiff's failure to amend, leading to Court's dismissal of case); see also Thompson, 492 F.3d at 433 (stating hypertechnical nature of not counting appellate

---

[10] As an aside, it could be argued that Plaintiff Harris' decision not to amend his complaint after the Harris Court had found that his complaint failed to state a claim, was effectively a voluntary dismissal of his case, too, albeit passively. In that case, when Plaintiff Harris failed to amend, the Harris Court simply formalized Plaintiff Harris' *passive* dismissal of his own case. It did so in the form of an order that dismissed the matter for failure comply with a court order. See Harris, 863 F.3d at 1142.

16

1  dismissal for failure to prosecute as strike when appeal had been earlier declared frivolous).

2  For these reasons, consistent with Knapp, El-Shaddai, and Harris, Plaintiff's Beeler and

3  Kokor I cases are, in fact, strikes within the meaning of Section 1915(g).[11] The voluntary

4  dismissals of Beeler and Kokor I were effectively dismissals after failures to amend, and those

5  voluntary dismissals "rang the PLRA bells of frivolous, malicious, or failure to state a claim."

6  Harris, 863 F.3d at 1142 (quoting El-Shaddai). Therefore, Plaintiff had four strikes via Beeler,

7  Kokor I, Sherman, and Kokor II, when he brought Milan, Jasso, Pulido-Esparza, and Barajas

8  before this Court. As a result, the undersigned will recommend that these four cases be formally

9  declared as such and that Plaintiff be identified as a three strikes litigant in the Court's docketing

10 system.

---

[11] The Court takes judicial notice of the fact that in Spencer v. Beard, No. 1:19-cv-01615 DAD HBK (E.D. Cal. Feb. 23, 2023) ("Beard"), another one of Plaintiff's cases filed in the Eastern District, the district judge assigned to that matter disagreed that Plaintiff's voluntary dismissal after the Court's finding of a failure to state a claim in Beeler constitutes a Section 1915(g) strike. See Beard, ECF Nos. 19, 29 at 2-3 (Defendant's motion to revoke Plaintiff's in forma pauperis status; order denying same, respectively). As a result, the Beard Court declined to revoke Plaintiff's in forma pauperis status. Beard, ECF No. 29 at 3.

The Court contends that the findings by the Ninth Circuit in Knapp, El-Shaddai and Harris clearly refute the findings of the Beard Court. Furthermore, other district courts – both in this district and across the nation – ultimately disagree with the Beard Court's finding. See, e.g., Sumner v. Tucker, 9 F. Supp. 2d 641, 643-44 (E.D. Va. 1998) (stating voluntary dismissal does not relieve plaintiff of consequences of filing frivolous action under Section 1915(g)); Garrett v. Diaz, 3:21-cv-00265 WQH MDD, 2021 WL 3209913, at *3 (S.D. Cal. July 29, 2021) (counting voluntary dismissal as strike under Section 1915(g)); Williams v. Paramo, No. 3:17-cv-02596 MMA BLM, 2018 WL 11271064, at *3 (S.D. Cal. Mar. 1, 2018) (counting plaintiff's voluntary dismissals as strikes under Section 1915(g)); Meador v. Brown, No. 2:18-cv-00696 KJM AC, 2018 WL 2688131, at *5 (E.D. Cal. June 4, 2018) (stating irrespective of voluntary dismissal, pre-dismissal findings and recommendations that filing was improper "rang the PLRA bells" of frivolousness and failure to state a claim and counting voluntary dismissal as strike); Heilman v. Deillen, No. CV 14-6298 JVS (FFM), 2017 WL 10591881, at *5 (C.D. Cal. Sept. 18, 2017) ("[I]t would frustrate the purposes of Section 1915(g) if plaintiff avoided a strike merely because he, rather than the court, instigated the dismissal of an action that he acknowledged was non-viable."); Blaisdell v. Hawaii Dep't of Pub. Safety, No. 12-00554 LEK BMK, 2012 WL 5996797, at *3 (D. Haw. Nov. 30, 2012) (collecting cases) (stating permitting plaintiff to voluntarily dismiss complaint would frustrate Congress's purpose in enacting the PLRA, namely, to discourage prisoners from filing baseless lawsuits and to deter "frivolous prisoner gamesmanship"); see generally Grindling v. Hawaii, No. 09-00536 JMS BMK, 2009 WL 4857399, at *1 (D. Haw. Dec. 16, 2009) (collecting cases) (referencing PLRA and stating to permit plaintiff to dismiss matter after court had expended considerable energy reviewing claims in complaint would frustrate Congress's aim of deterring frivolous prisoner litigation).

E.  <u>No Imminent Danger of Serious Physical Harm Alleged in Instant Cases</u>

Because the above-referenced strike cases were dismissed on Section 1915(g) grounds *before* <u>Milan</u>, <u>Jasso</u>, <u>Pulido-Esparza</u>, and <u>Barajas</u> were brought before the Court, Plaintiff was a three strikes litigant when he brought these cases.  Therefore, he was required to pay the filing fee in full for each of them prior to proceeding with their prosecution *unless*, at the time that he brought them, he alleged and made an adequate showing that he was in imminent danger of serious physical harm.  <u>See</u> 28 U.S.C. § 1915(g) (serious physical harm requirement).

A review of the complaints in <u>Milan</u>, <u>Jasso</u>, <u>Pulido-Esparza</u>, and <u>Barajas</u> indicates that Plaintiff did not make plausible allegations of imminent danger of serious physical harm in any of them.  <u>See generally</u> <u>Milan</u>, ECF No. 1[12]; <u>Jasso</u>, ECF No. 1; <u>Pulido-Esparza</u>, ECF No. 1; <u>Barajas</u>, ECF No. 1.  Therefore, as a three strikes litigant, Section 1915(g) precludes Plaintiff from proceeding in <u>Milan</u>, <u>Jasso</u>, <u>Pulido-Esparza</u>, and <u>Barajas</u> without first paying the filing fees for each one in full.  <u>See</u> 28 U.S.C. § 1915(g).  Because Plaintiff has already been granted in forma pauperis status in these four cases, the undersigned will recommend that it be revoked in all of

---

[12]  In <u>Milan</u>, Plaintiff asserts that the dining facility at California Substance Abuse Treatment Facility was infested with "vermin, roaches, black mold and contaminated water," and that this posed "an immediate and imminent threat to his health and safety."  <u>Milan</u>, ECF No. 1 at 7.  He also claims that he "was and continues to be sickened by the unabated filth and unsanitary conditions in which his food was prepared, handled and served."  <u>Id.</u> at 16, ¶ 81.  Plaintiff, however, fails to explain how these alleged conditions put him at risk of imminent serious physical injury.  <u>See generally</u> <u>Milan</u>, ECF No. 1 (complaint).  "Courts . . . deny leave to proceed [in forma pauperis] when a prisoner's claims of imminent danger are conclusory or ridiculous."  <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 331 (7th Cir. 2003) (brackets added) (citations omitted); <u>see, e.g.</u>, <u>Martin v. Shelton</u>, 319 F.3d 1048 (8th Cir. 2003) (refusing to find an "imminent danger" based upon conclusory assertions).

Plaintiff's allegations in <u>Milan</u> are insufficient to establish that he was in imminent danger of serious physical harm, and his assertion of "immediate and imminent threat to his safety" from exposure to vermin, roaches, black mold, and contaminated water is wholly speculative.  <u>See, e.g.</u>, <u>Palanco v. Hopkins</u>, 510 F.3d 152, 155 (2d Cir. 2007) (affirming denial of in forma pauperis status where prisoner alleged speculative health risks associated with mold exposure); <u>Wilson v. Cisnerous</u>, No. 1:21-cv-01455 EPG, 2021 WL 4493556, at *2-3 (E.D. Cal. Oct. 1, 2021) (plaintiff's unsupported assertion that alleged exposure to mold, dust, parasites put him in imminent danger of serious physical harm noted, leading to finding no imminent danger existed at time action was brought); <u>Herbaugh v. San Diego Sheriff's Dep't</u>, No. 3:18-cv-01899 JLS NLS, 2018 WL 5024802, at *2 (S.D. Cal. Oct. 17, 2018) (finding plaintiff's assertions that exposure to foul odors, bugs, and vermin placed him in imminent danger of serious physical injury implausible).

them and that Plaintiff be required to pay the filing fee in full in each prior to proceeding any further in them.

## VIII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

You are currently proceeding with in forma pauperis status in Milan, Jasso, Pulido-Esparza, and Barajas, all of which are currently being considered by this Court. However, prior to filing these cases, the undersigned concludes that you had accumulated at least four strikes in Beeler, Kokor I, Sherman, and Kokor II within the meaning of 28 U.S.C. § 1915(g). For these reasons, it will be recommended that these cases be formally declared strikes within the meaning of Section 1915(g) and that you be identified as a three strikes litigant in the Court's docketing system.

In addition, a review of the complaints in Milan, Jasso, Pulido-Esparza, and Barajas indicates that when you brought each of these cases, you did not allege plausible claims of imminent danger of serious physical harm. Consequently, because you are a Section 1915(g) three strikes litigant, it will also be recommended that your in forma pauperis status be revoked in Milan, Jasso, Pulido-Esparza, and Barajas, and that you be required to pay the filing fee in full in each matter prior to proceeding further in these cases.

Accordingly, IT IS HEREBY ORDERED that consistent with the findings in this order, in Spencer v. Kokol, No. 17-cv-01561 LJO BAM (E.D. Cal. May 26, 2018), the Clerk of Court shall correct the spelling of Defendant's name in the case caption of the docket from "W.M. Kokol" to "W.M. Kokor."

IT IS FURTHER RECOMMENDED that:

1. The following cases be FORMALLY DECLARED strikes within the meaning of 28 U.S.C. § 1915(g):

- Spencer v. Beeler, No. 1:13-cv-01624 JLO BAM (E.D. Cal. Sept. 22, 2014);
- Spencer v. Kokor, No. 1:17-cv-00597 LJO JLT (E.D. Cal. Apr. 6, 2018);
- Spencer v. Sherman, No. 1:17-cv-01025 LJO EPG (E.D. Cal. Apr. 25, 2018), and
- Spencer v. Kokor, No. 1:17-cv-01561 LJO BAM (E.D. Cal. June 26, 2018).

2. Plaintiff be FORMALLY DECLARED and IDENTIFIED as a three strikes litigant

within the meaning of 28 U.S.C. § 1915(g) in the Court's docketing system;

    3. Plaintiff's in forma pauperis status be REVOKED in the following matters:

- Spencer v. Milan, No. 1:20-cv-00682 JLT GSA;
- Spencer v. Jasso, No. 1:20-cv-00909 NODJ GSA;
- Spencer v. Pulido-Esparza, No. 1:20-cv-01176 JLT GSA, and
- Spencer v. Barajas, No. 1:23-cv-01033 NODJ GSA, and

    4. Plaintiff be required to pay the filing fees in full in each within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations – **by February 29, 2024**, – any party may file written objections with the Court and serve a copy on all parties. **Objections filed must have all four cases listed in the case caption of the filing, they must be identical in content, and they must be filed simultaneously in all four cases.** Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **February 15, 2024**           **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE