UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>        Plaintiff,<br><br>   v.<br><br>RICHARD MILAN, et al.,<br><br>        Defendants. | No. 1:20-cv-00682 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND AS IMPROPERLY FILED<br><br>(ECF No. 78) |
| EDWARD B. SPENCER,<br><br>        Plaintiff,<br><br>   v.<br><br>L. PULIDO-ESPARZA, et al.,<br><br>        Defendants. | No. 1:20-cv-1176 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND AS IMPROPERLY FILED<br><br>(ECF No. 53) |
| EDWARD B. SPENCER,<br><br>        Plaintiff,<br><br>   v.<br><br>A. BARAJAS, et al.,<br><br>        Defendants. | No. 1:23-cv-01033 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND AS IMPROPERLY FILED<br><br>(ECF No. 30) |

Plaintiff, a state prisoner proceeding pro se in the above-referenced matters, has filed these civil rights actions seeking relief under 42 U.S.C. § 1983. These matters were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Each matter is at different stages of its proceedings.

Before this Court are Plaintiff's motions to reverse and remand the Court's determination that he is a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). Plaintiff has filed the motion in each of the above referenced matters. See Milan, No 1:20-cv-00682 JLT GSA at ECF No. 78; Pulido-Esparza, No. 1:20-cv-1176 JLT GSA at ECF No. 53, and Barajas, No. 1:23-cv-01033 JLT GSA at ECF No. 30. For the reasons stated below, the motions will be denied as improperly filed.

## I. PLAINTIFF'S MOTIONS

In Plaintiff's motions "to reverse and remand," he cites to the Ninth Circuit's recent decision on his interlocutory appeal in the above-referenced matters, which held that his voluntary dismissals are not strikes under Section 1915(g). See Milan, ECF No. 78 at 1-2.[1] Consistent with the Ninth Circuit's decision, Plaintiff argues, this Court should reverse and remand the above-referenced matters. Id. at 2.

## II. DISCUSSION

On June 6, 2025, the Ninth Circuit issued an opinion in each of the above-referenced matters. See Milan, ECF No. 77(6/6/25 docket entry for 9th Circuit Case No.24-2442). The opinion issued by the 9th Circuit held that voluntary dismissals under Rule 41(a)(1) do not count as strikes under 28 U.S.C. § 1915(g). See Milan, ECF No. 77 at 5. Consistent with this finding, the Ninth Circuit reversed the District Court's decisions in the matters and remanded the cases to the lower courts. Id. at 13-14. Thereafter, on June 30, 2025, the Ninth Circuit issued the mandate of its opinion in these matters. See Milan, ECF No. 79.

Plaintiff's motions to "reverse and remand" are improperly filed. A district court has no

---

[1] Because the orders issued by the Ninth Circuit in each of the above-referenced cases are identical, for ease of reference, the Court refers solely to the order issued in Plaintiff's earliest-filed case, Spencer v. Milan, No. 1:20-cv-00682 JLT GSA.

1 | authority to reverse and remand a case that has been filed in an appellate court.  Plaintiff's
2 | motions provide no authority that states otherwise.  See generally Milan, ECF No. 78.

3 |     The Ninth Circuit had reversed and remanded these matters to the District Court on June
4 | 6, 2025, and its subsequent mandate on those opinions and orders issued on June 30, 2025.  Thus,
5 | what Plaintiff is requesting has already ordered by the appellate court.  For these reasons,
6 | Plaintiff's motions in each of the above-referenced cases will be denied as improperly filed.

7 |     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions to "reverse and remand"
8 | cases consistent with the Ninth Circuit's opinions issued June 6, 2025, are DENIED as
9 | IMPROPERLY FILED in each of the following cases:

- Spencer v. Milan, No 1:20-cv-00682 JLT GSA (ECF No. 78)
- Spencer v. Pulido-Esparza, No. 1:20-cv-1176 JLT GSA (ECF No. 53), and
- Spencer v. Barajas, No. 1:23-cv-01033 JLT GSA (ECF No. 30).

IT IS SO ORDERED.

Dated: **July 1, 2025**           **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE